UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:17-cr-00106-JDL |
| | ) | |
| MICHAEL BREWER, | ) | |

## RECOMMENDED DECISION ON MOTION FOR
## AN ORDER REGARDING CREDIT FOR TIME SERVED

Defendant moves for an order directing the Bureau of Prisons to give him credit for certain time he was in jail before his sentencing. (Motion, ECF No. 67.) Following a review of the record and Defendant's motion, I recommend the Court deny the relief requested.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant was evidently taken into custody at the Two Bridges Regional Jail on Maine state charges on May 13, 2017. (Motion at 2.) On August 9, 2017, Defendant was indicted in federal court for knowingly possessing a firearm after having been convicted of crimes punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. §§ 922(g)(1), 924(a), and 924(e)(1). (Indictment, ECF No. 1.) Because at the time of his arraignment Defendant was in state custody, on August 17, 2017, the Court issued a writ of habeas corpus ad prosequendum ordering the U.S. Marshal to take custody of Defendant because Defendant's attendance was necessary for an initial appearance and arraignment on August 25, 2017. (Writ, ECF No. 5.) The Court issued a detention order after Defendant's arraignment on August 25, 2017. (Order of Detention, ECF No. 13.)

Defendant pled guilty in October 2017. (Change of Plea Hearing, ECF No. 20.) On May 2, 2018, after subtracting 104 days for time in custody for which Defendant would not otherwise receive credit, which the Court rounded up to four months, the Court sentenced Defendant to a term of imprisonment of forty-seven months. (Sentencing Transcript at 37, ECF No. 40; Judgment, ECF No. 34.) The Court considered the likelihood that Defendant could face additional sentences in state court, but the Court left for the state court the issue of whether consecutive or concurrent sentences were appropriate. (Sentencing Transcript at 38.)

Between August 25, 2017 and May 10, 2018, Defendant was evidently detained by the U.S. Marshal at the Cumberland County Jail. (Motion at 2.) Defendant asserts that he was sentenced on the state charges and discharged the state sentences on July 23, 2020, but he did not enter a federal prison until April 15, 2021. (*Id.*) Defendant also asserts that he did not receive credit on his state sentences for the time in Cumberland County Jail between August 2017 and May 2018, and Defendant has been informed that he will not receive credit for that time toward his federal sentence. (*Id.* at 2–3.)

## DISCUSSION

Defendant asks the Court to order the Bureau of Prisons to recompute his sentence to give him credit for the time served at Cumberland County Jail between his federal arraignment and sentencing. However, "[i]t is settled law that under 18 U.S.C. § 3585(b), discretion to credit time served is vested in the Attorney General, through the Bureau of Prisons . . . and not in the sentencing court." *United States v. White*, 91 F. App'x 162, 163 (1st Cir. 2004); *see also United States v. Wilson*, 503 U.S. 329, 333–36 (1992). District

courts may only address a defendant's credit calculations after he or she exhausts the Bureau of Prison's administrative procedures and, if still dissatisfied, initiates a habeas corpus proceeding pursuant to 28 U.S.C. § 2241 in the district court possessing authority over the place of confinement, not the sentencing court. *United States v. Wetmore*, 700 F.3d 570, 574 (1st Cir. 2012); *Rogers v. United States*, 180 F.3d 349, 357 (1st Cir. 1999).

This Court also lacks the authority to modify Defendant's sentence to give him credit for time served. "Congressional enactments have deprived the district courts of their common-law authority to modify sentences at a defendant's behest." *United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 38 (1st Cir. 2015). "Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008).

Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for an elderly defendant no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13 Application Note. Beyond that "handful of narrowly circumscribed

3

exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

Because none of the exceptions applies to Defendant's sentence and because the sentence is final, this Court lacks the statutory authority to modify the sentence to give Plaintiff the relief he seeks.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny the relief requested in Defendant's motion.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of July, 2021.